UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**MARLENE ROOKS**
    Plaintiff

v.                                                                                   **No. 1:07CV-00139-J**

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by M. Gail Wilson. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 13 and 18, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on February 13, 2006, by administrative law judge (ALJ) Roger Reynolds. In support of his decision denying Title XVI benefits, Judge Reynolds entered the following numbered findings:

    1. There being no evidence to the contrary, the Administrative Law Judge finds the claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 416.920(b)).

    2. The claimant has the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine with disc bulges at C5/C6; anxiety, not otherwise specified; and hypertension (20 CFR 416.920(c)).

    3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

  4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a significant range of light and sedentary work. She should avoid climbing of stairs or ramps, with only occasional crawling, stooping, no exposure to temperature extremes or vibration; only occasional interaction with the general public; and no work requiring frequent movement of the head.

  5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

  6. The claimant was born on April 15, 1953 and was 41 years old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 CFR 416.963).

  7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

  8. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR 416.968).

  9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

  10. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 416.920(g)).

(Administrative Record (AR), pp. 23-27).

## Governing Legal Standards

  1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do

3

most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Discussion**

This case was denied at the fifth and final step of the sequential evaluation process based upon testimony from a vocational expert (VE), Martha Goss. The VE testified that an individual with the limitations in ALJ's Finding No. 4 would retain the ability to perform a significant number of jobs in the national economy, to-wit (AR, p. 291):

> **VE:** ... Inspector or tester at the light exertional level. 2,300 in the state, 141,000 in the nation. Janitor or cleaner at the light exertion level. 8,000 in the state, 636,000 in the nation. ... The inspector would be [Dictionary of Occupational Titles (DOT) code number] 529.587-018. The janitor/cleaner would be 381.687-030.

The job at DOT 529.587-018 is that of scap separator, and DOT 381.687-030 is patch worker.

The plaintiff's principal contention upon judicial review is that the VE's testimony was unpersuasive for the following reasons *(in the plaintiff's own words)* (Docket Entry No. 13):

1. "[I]t is obvious that the [scrap separator job] would require frequent head movement" (p. 4).

2. "It would not seem possible that there would be 8,000 such [patch worker] jobs in the state of Kentucky since Kentucky is not a cotton growing state. Further it does not seem possible that there would be 636,000 such jobs in the national economy" (p. 4).

3. "There is an apparent conflict between the VE ... testimony and the ... DOT" (p. 4).

4. "Both jobs cited by the VE were not the jobs to which she testified at the hearing" (p. 4).

5. "[T]he VE offered testimony that was incorrect and that was not supported by the DOT" (p. 5).

6. "Obviously, the VE's testimony was unreliable" (p. 5).

7. "The jobs named by the VE were different than the DOT numbers that were cited. The DOT jobs that were cited would have had different limitations than those that the VE cited" (p. 5).

8. "All jobs listed by the VE would be eliminated as they are different from the job title that the VE gave to the ALJ. This Court must conclude that the testimony of the VE was unreliable and not to be considered" (p. 6).

The magistrate judge find and concludes as follows:

1. "Frequent" is a term of art in Social Security disability law that means occurring between one-third and two-thirds of the workday. Social Security Ruling (SSR) 96-9p. The plaintiff has failed to show that it is "obvious" that the job of scrap separator requires frequent head movement.

2. Based upon their description in the DOT, the jobs of scrap separator and patch worker share certain broad similarities and contemplate, among other activities, retrieval of scraps and loose material that may fall to the floor in agricultural and food processing operations.

3. Because step five contemplates the existence of a significant number of jobs in the national economy, even if the plaintiff were correct that the patch worker position contemplates only cotton processing, it is immaterial whether there are an insignificant number of such jobs in the state of Kentucky.

4. Because neither the plaintiff nor her counsel is a recognized VE, neither are in a position to persuasively assert that it does not "seem possible that there would be 636,000 such jobs in the national economy" or that "[o]bviously, the VE's testimony was unreliable ... and not to be considered."

5. The plaintiff has failed to show that there is any conflict or incompatibility between the VE's testimony and the jobs described as in the DOT.

Next, the plaintiff argues that the ALJ's decision does not comport with the requirements of Social Security Ruling (SSR) 00-4p. The cited Ruling provides, in pertinent part, as follows:

> *Resolving Conflicts in Occupational Information.* Occupational evidence provided by a VE ... generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE ... evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

At the conclusion of the VE's testimony upon direct examination by the ALJ, the following exchange occurred (AR, p. 293):

**ALJ:** Is your testimony consistent with the Dictionary of Occupational Titles?

**VE:** Yes, it is.

In his written decision, the ALJ found that "[p]ursuant to SSR 00-4p, the [VE's] testimony is consistent with the information contained in the [DOT]" (AR, p. 27).

The magistrate judge concludes that the ALJ's decision comports with the requirements of the SSR 00-4p because, at the hearing, the ALJ asked the VE whether there was an inconsistency between her testimony and the DOT, the VE responded in the negative, and counsel did not identify or cross-examine the VE on any potential inconsistency.

Finally, the plaintiff relies upon *Martin v. Commissioner*, 2006 WL 509393 (6th Cir.), in support of her argument that SSR 00-4p was violated. Unlike the plaintiff, upon judicial review, Martin was able to demonstrate an inconsistency between the VE's testimony and the DOT. *Martin* held that any inconsistency must be raised in a timely manner at the hearing. "Consistent with the SSR 00-4p, the ALJ asked if there was a conflict.... The [VE] testified that there was not.... Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." Id. The magistrate judge concludes that *Martin* does not support the plaintiff's position because the plaintiff has failed to identify any

7

inconsistency between the VE's testimony and the DOT – either at the hearing or upon judicial review.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).